Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SIMON J. BURCHETT PHOTOGRAPHY, INC.,

                                                Plaintiff,

                        v.

FOCUS TECHNOLOGY CO., LTD., CROV INC.
and INQBRANDS INC.,
,
                                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.: 23-cv-10078

**ECF CASE**

**COMPLAINT AND JURY
DEMAND FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT**

Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC., by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants FOCUS TECHNOLOGY CO. LTD., CROV INC. and INQBRANDS INC for damages based on copyright infringement pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**GENERAL JURISDICTION**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

1

**SPECIFIC JURISDICTION**

2.      Plaintiff is the sole owner and creator of an iconic aerial image of the containership the Estelle Maersk (the "Copyrighted Image").

3.      Defendants CROV INC. and INQBRANDS INC. are Delaware corporations with a headquarters located in California.

4.      Defendant FOCUS TECHNOLOGY CO. LTD. is a foreign limited company with a headquarters in California.

5.      Defendants, without license or authority, systematically reproduced, created derivates, distributed, and publicly displayed the Copyrighted Image as the face of defendants' shipping and logistics division.

6.      Defendants' tortious acts were committed out of state.

7.      This Court has personal jurisdiction over defendants because, inter alia, defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of New York, including in this District.  Among other things, (i) defendants have advertised, marketed, promoted, offered for sale, sold, and/or distributed, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, (ii) defendants' tortious acts giving rise to this lawsuit and harm to plaintiff have occurred and are occurring in the State of New York, including in this District, (iii) defendants have regularly and intentionally done business in this District and sold their infringing products in this District providing defendants with substantial infringing business revenue from this District, (iv) defendants acted with knowledge that their unauthorized use of plaintiff's Copyrighted Image would cause harm to plaintiff in the State of New York and in this District, (v) defendants' customers and/or

2

potential customers reside in the State of New York, including in this District, and (vi) defendants benefit financially from the New York market, including, for example, through sales of products related to defendants' infringing conduct that ultimately occur in New York, including in this District.

8.      Further, on information and belief, defendants have sold products for distribution throughout New York and this District and have delivered products into the stream of commerce to purchasers in New York, including in this District which are directly related to defendants' infringing conduct.

9.      Defendants never sought a license.

10.     Defendants are notorious for importing, warehousing, and selling infringing products from China.  At least one defendant has been the subject of seizures by the Federal Government.

11.     The association of plaintiff's Copyrighted Image with the notorious defendants has substantially damaged the Copyrighted Image, and plaintiff's ability to license the Copyrighted Image to its New York and United States based clients.

12.     Defendants derive substantially all of their revenue from interstate or international commerce.

13.     Specific Jurisdiction is conferred over defendant pursuant to CPLR § 302(3)(ii).

14.     Alternatively, this Court may exercise personal jurisdiction over defendant FOCUS TECHNOLOGY CO. LTD. under Federal Rule of Civil Procedure 4(k)(2).

## VENUE

15.     At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

3

**DUE PROCESS**

16.     There are no due process concerns in light of the fact that defendant committed intentional tortious acts knowing its acts would have consequences in this Judicial District.

**PARTIES**

17.     Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. is a New York corporation with a headquarters located in Manhattan, New York.

18.     On information and belief, defendant FOCUS TECHNOLOGY CO. LTD. ("FOCUS") is a foreign limited company with a headquarters located at 1150, South Milliken Avenue, Ontario, CA 91761.

19.     On information and belief, defendant CROV INC. ("CROV") is a corporation formed under the laws of Delaware with a headquarters located at 1150 S. Milliken Ave., Ontario, CA 91761.

20.     Upon information and belief, defendant INQBRANDS INC. ("INQBRANDS") is a corporation formed under the laws of Delaware with a headquarters located at 1150 S. Milliken Ave., Ontario, CA 91761.

21.     Defendants FOCUS, CROV and INQBRANDS function as a unified entity as described below.

22.     Upon information and belief, at all times material hereto, defendants collectively owned, controlled and operated the website located at <www.made-in-china.com> (the "MADEINCHINA Website").  Defendants, through their MADEINCHINA Website have systematically infringed plaintiff's Copyrighted Image.

23.     Plaintiff is informed and believes, and on that basis avers, that defendants, and each of them, are for-profit entities.

4

**FACTS**

24.    Plaintiff is the sole owner, by assignment, of the below copyrighted image titled "_L4A0298" of the containership the Estelle Maersk, U.S. Copyright Registration VA 2-019-846. See **Exhibit 1**.



25.    Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

26.    Mr. Burchett is accredited as a master photographer by the Master Photographers' Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

27.    In July 2019, the Copyrighted Image of the Estelle Maersk at issue here was submitted by Mr. Burchett to the Master Photographers' Competition.  The Master Photographers' Competition is a national competition conducted by the MPA and is open to all professional photographers.  There were over 1,000 Image submitted to the July 2019 Master Photographers' Competition.

28.    Plaintiff's Copyrighted Image won the very prestigious Gold Medal at the July 2019 MPA competition. Previously, another image of the same containership won the Silver Medal at the Master Photographers' Association competition in 2018.

5

## DEFENDANTS OPERATE AS UNIFIED ENTITY

29.     Defendant FOCUS first created a fictional company called Focus Technology (USA) Inc.  Defendant FOCUS operated in the United States for a period through the fictional Focus Technology (USA) Inc.

30.     Defendant FOCUS then created the paper entities defendants CROV and INQBRANDS.  These entities were created for many reasons, some nefarious, one being in order to open a warehouse in the United States.

31.     Defendants CROV and INQBRANDS are wholly owned subsidiaries of defendant FOCUS, and are merely agencies or alter-egos of defendant FOCUS.  Defendants INQBRANDS and CROV are controlled by defendant FOCUS to such an extent that they have no independent function.

32.     Defendants share the same headquarters, employees, warehouse, showroom, and phone number.

33.     There is no distinction between the three defendants, and they operate as a single unified entity.

34.     The fact that each of the defendants lists the same number - (909) 390-7788 – on each of their respective websites, demonstrates that defendants FOCUS and CROV are merely the alter-egos of defendant FOCUS.

35.     Of the four employees of defendant CROV that are listed on LinkedIn, three of the employees work in Nanjing, China at the office of defendant FOCUS. See below:



36.     Defendants FOCUS and INQBRANDS list the same generic "11-50" employees with no individual LinkedIn profile for either entity.

37.     Defendants' agent admitted in a post that defendants FOCUS and CROV are just platforms for defendant FOCUS. See below:





38.     Defendants FOCUS and CROV are nothing more than trading platforms for defendant FOCUS.

39.     Defendant FOCUS admits on the MADEINCHINA Website that defendants CROV and FOCUS are merely branch offices of defendant FOCUS. See below:

**Contact Us**

**Headquarters** ⟶

Crov, Inc.
Made-in-China.com USA Branch

inQbrands, Inc.
Made-in-China.com USA Branch

Add: No. 7, Lijing Road, Jiangbei New Area, Nanjing, Jiangsu, China
Tel: +86-25-6667 7777
Fax: +86-25-6667 0000
Learn more ⟶

See <www.made-in-china.com/aboutus/aboutmic/>.

40.     All three defendants also claim to have an office (or showroom) at the same location located at 1801 E Holt Blvd. Ontario, California 91761.

41.     All three defendants have admitted they operate out of the same headquarters

7

located at 1150 S. Milliken Avenue, Ontario, CA 91761 (the "Defendants' Headquarters").

42.    All three defendants admit they operate the same 200,000 square foot warehouse located at 1150 S. Milliken Avenue, Ontario, CA 91761.  A warehouse and headquarters that bear the signage of defendant FOCUS only. See below:



See <www.facebook.com/b2b.made.in.china/photos/usa-warehouse-no-charge-for-180-daysmade-in-chinacom-is-excited-to-announce-that/10154006205285348/?paipv=0&eav=AfZyu257-JHih9o0Pl42zU7jzkXD-SCCG6h3rG2k4eEG54uN4bVPzKVC4q_0Ve17fzI&_rdr>.

43.    There is no functional distinction between the three defendants.

44.    Defendant CROV posted on its LinkedIn page that defendant CROV operates the same 200,000 square foot distribution hub located at the Defendants' Headquarters. See below:



See <www.linkedin.com/company/crovinc/posts/?feedView=all>.

8

45.     Defendant INQBRANDS states on its website:

> We streamline your supply chain with efficient warehousing and logistics solutions, ensuring accurate and timely order fulfillment.
> -Our storage space spans 200,000 sq. ft.

<www.inqbrands.com/230321182201.html>.

46.     The 200,000 square foot warehouse each defendant admits to operating is the same facility located at 1150 S. Milliken Avenue, Ontario, CA 91761.

47.     Defendants operate from the same headquarters, same warehouse, with the same employees and phone number.

48.     Defendant CROV's website located at the URL <www.crov.com> is owned by defendant FOCUS. See below:



49.     Defendant INQBRANDS' website located at <www.inqbrands.com> admits on its homepage that the defendants function as an integrated entity. See below:



9

50.    Defendant INQBRANDS lists its brands on its homepage.



51.    The brands identified by defendant INQBRANDS either do not exist or are owned by defendant FOCUS.

52.    The INQBRANDS brands list a showroom (or headquarters) located at 1801 East Holt Boulevard, Unit 101, Ontario, CA 91761, which is the same unit listed by defendants CROV, INQBRANDS, and FOCUS.

53.    Defendant CROV admits that defendant CROV and defendant INQBRANDS are the same entity.



See <www.linkedin.com/company/crovinc/posts/?feedView=all>.

54.    Defendants CROV and INQBRANDS are the same entity controlled absolutely by defendant FOCUS. Defendant CROV admits this fact on its LinkedIn page stating:

> "**CROV and inQbrands Overseas Warehouse** have joined forces to streamline distribution for SME wholesalers. With us, you're not just getting products; you're getting timely, efficient delivery that keeps your business moving. Thanks to our partnership, an automotive product shortage was swiftly handled, with stock replenished and orders fulfilled on schedule. **Our expansive network, courtesy of Made-in-China.com**, connects you to over 10,000 global factories."

See <www.linkedin.com/company/crovinc/posts/?feedView=all>;
<www.facebook.com/CrovShop/?locale=de_DE>.

55.    Defendant FOCUS created defendants CROV and INQBRANDS as entities on paper only.  In the post on Facebook and LinkedIn above defendant CROV also included images of the factories defendants works with, see below:



56.    The purported "factory" depicted in defendant CROV's LinkedIn and Facebook posts is actually the Con-Edison "Ravenswood Generating Station" in Long Island City,

11

commonly known as "Big Allis". See below:



57.    In fact, defendant CROV used the same image of the Con Edison facility in Long

Island City on its website claiming it was an "overseas factory". See below:



58.    In fact, all of the images on defendants' CROV and INQBRANDS websites are

stock photos.

59.    There are no Bills of Lading recorded for either defendant CROV or

INQBRANDS.

60.    There are Bills of Lading, however, that have been recorded for the fictional

entity created by defendant FOCUS. See, e.g., below:

| BILL OF LADING | PRODUCT | IMPORTER | SUPPLIER |
|---|---|---|---|
| ECCICOKLAX02310 | COIR MATS | FOCUS TECHNOLOGY USA | SEVENSEAS TRADING COMPANY |
| CHKMLAX16010579 | SOLAR LIGHTS SOLAR CHARGER SOLAR TORCH SOLAR FAN HS CODE:8513109000 | FOCUS TECHNOLOGY(USA)INC. | SHENZHEN YINGLI NEW ENERGY |
| SHPTKYLSA53167 | ELECTRIC WIINCH WINCH ROPE BOX | FOCUS TECHNOLOGY USA INC | ZHONGHUANG MACHINE&ELECTRICS CO |
| DWCHSD524490 | DISPLAY STAND HOOK BRACKET GLASS . . . . | FOCUS TECHNOLOGY (USA) INC. | FOCUS IMP. & EXP. SERVICES CO., LTD |
| ECCIKHLSA09857 | NON-WOVEN FABRICS GIFT BAGS BROCHURE MAGZINE WHEEL PLUSH TOYS CARPET AND CURTAIN STAND MATERIAL | FOCUS TECHNOLOGY USA INC | FOCUS TECHNOLOGY CO.,LTD. |

See US Customs records for Focus Technology USA Inc in Ontario, CA.

12

61.     That is because defendants INQBRANDS and CROV are paper entities; created by defendant FOCUS.

62.     The function of defendants CROV and INQBRANDS is nefarious.

63.     Defendant CROV was notoriously swept up in Federal raids on behalf of Ford Motor Company seizing warehouses of counterfeit Ford products.  The same products defendant INQBANDS claims as their brand, and infringing products that originated from defendant FOCUS.

64.     Defendants CROV and INQBRANDS are the United States face of their parent company defendant FOCUS.  Defendants CROV and INQBRANDS are wholly owned subsidiaries of defendant FOCUS, and the defendants function as a unified entity with the same headquarters, management, showroom, office, phone number, and employees.

## THE INFRINGING CONDUCT OF DEFENDANTS

65.     Defendants jointly control and operate the MADEINCHINA Website.  The MADEINCHINA Website is directed at its largest consumer – the United States.

66.     Without license or authority, defendants reproduced, created a derivative, distributed, and publicly displayed the Copyrighted Image.

67.     Defendants provided the unlicensed derivative to third-party infringers creating listings on the MADEINCHINA Website, stored the unlicensed derivatives from the third-party listings, and publicly displayed the unlicensed derivatives on the MADEINCHINA Website.

68.     As the below list demonstrates, every unlicensed derivative of the Copyrighted

Image stored on the MADEINCHINA Website is nearly identical.

| Unlicensed Derivative | URL of the Unlicensed Derivative |
|---|---|
| | http://image.cn.made-in-china.com/2f1j01DZnEHaJgaTpe/%E5%9B%BD%E9%99%85%E6%B5%B7%E8%BF%90%E4%B8%93%E5%AE%B6+%E5%B9%BF%E5%B7%9E%E4%B8%9C%E5%8D%97%E4%BA%9A%E5%9B%BD%E9%99%85%E8%B4%A7%E8%BF%90%E4%BB%A3%E7%90%86+%E5%B9%BF%E5%B7%9E%E6%BE%B3%E6%B4%B2%E6%B5%B7%E8%BF%90%E4%B8%93%E5%AE%B6.jpg |
| | http://image.cn.made-in-china.com/37f28j01reUECbakJFuV/%E5%9B%BD%E9%99%85%E8%B4%A7%E8%BF%90%E4%BB%A3%E7%90%86.jpg |
| | http://image.cn.made-in-china.com/2f1j01reUECbakJFuV/%E5%9B%BD%E9%99%85%E8%B4%A7%E8%BF%90%E4%BB%A3%E7%90%86.jpg |
| | http://image.cn.made-in-china.com/3f2j01reUECbakJFuV/%E5%9B%BD%E9%99%85%E8%B4%A7%E8%BF%90%E4%BB%A3%E7%90%86.jpg |
| | http://image.made-in-china.com/2f0j00HOFaNzQJSkqw/Cargo-Shipping-From-China-to-Manila-Philippines.jpg |
| | http://image.made-in-china.com/2f1j00HOFaNzQJSkqw/Container-Shipping-to-Manila.jpg |
| | http://image.cn.made-in-china.com/2f0j01ESithrVcYYqJ/%E5%87%BA%E5%8F%A3%E6%B5%B7%E8%BF%90%E5%88%B0%E6%BE%B3%E5%A4%A7%E5%88%A9%E4%BA%9A%E6%B5%B7%E8%BF%90%E8%B4%B9%E7%94%A8+%E9%9B%86%E8%A3%85%E7%AE%B1%E5%88%B0%E6%BE%B3%E6%B4%B2%E8%BF%90%E8%B4%B9.jpg |
| | https://image.made-in-china.com/2f1j00cNetyBrKLikz/Professional-Shipping-Transportation-to-Eastern-Europe.jpg |

| | |
|---|---|
| | http://image.made-in-china.com/2f1j10cNetyBrKLikz/Professional-Shipping-Transpor.jpg |
| | http://image.made-in-china.com/3f2j10cNetyBrKLikz/Professional-Shipping-Transpor.jpg |
| | http://image.made-in-china.com/2f1j10awotENLdZQqF/Consolidate-Shipping-Serviceca.jpg |
| | http://image.made-in-china.com/2f1j10kJctVdIsnaqU/Consolidate-Lowest-Sea-Freight.jpg |
| | http://image.made-in-china.com/2f1j10cmkEluPGsTqI/Professional-Consolidate-Sea-T.jpg |
| | http://image.made-in-china.com/2f1j10kmLQCPwzrhqe/The-Cheapest-Shipping-Logistic.jpg |
| | http://image.cn.made-in-china.com/2f0j01usGtiTzMFRqQ/%E6%B3%A2%E5%85%B0%E8%BF%9B%E5%8F%A3%E4%B8%93%E7%BA%BF%2C%E4%B8%AD%E5%9B%BD%E5%88%B0%E6%B3%A2%E5%85%B0%E6%B5%B7%E8%BF%90%E5%8F%8C%E6%B8%85%2C%E6%B3%A2%E5%85%B0%E5%BF%AB%E9%80%92%2C%E6%B3%A2%E5%85%B0%E7%A9%BA%E8%BF%90.jpg |
| | http://image.made-in-china.com/2f1j10ndSaCUWtAsou/Freight-Forwarder-in-Sea-Freig.jpg |

69.    The above unlicensed derivatives of the Copyrighted Image are not associated with any product or company but are made publicly available directly by defendants.

15

70.     Below are examples of listings on the MADEINCHINA Website with the same

unlicensed derivative of the Copyrighted Image that are clearly directed to the United States.

| Unlicensed Derivative of the Copyrighted Image | URL of the Unlicensed Image |
|---|---|
| | https://th-logistics.en.made-in-china.com/product/KwefCibLZEpu/China-China-to-The-United-States-Fba-Double-Clear-Including-Tax-to-The-Door.html |
| | https://th-logistics.en.made-in-china.com/product/LFlGnxOTumRH/China-China-USA-Maritime-Express-Line.html |
| | https://th-logistics.en.made-in-china.com/product/LFlGnxOTumRH/China-China-USA-Maritime-Express-Line.html |
| | https://dycargo.en.made-in-china.com/product/bEnrwGWvsThR/China-Cheapest-Door-to-Door-Drop-Ship-Sea-Shipping-Express-Cargo-Logistics-Service.html |

|  | https://m.made-in-china.com/company-cm-freightforwarder/productlist/group/1637358645 |

71.     Each of the preceding listings advertise shipping from China to the United States with captions like "China US Maritime Express Line".

72.     Each listing on the MADEINCHINA Website is available, and directed, to the United States.

73.     There have been hundreds of infringing listings on the MADEINCHINA Website in three years prior to the date of this Complaint.

74.     Defendants were put on notice immediately after plaintiff first became aware of their conduct.

75.     Plaintiff, through counsel, served a demand to cease-and-desist on defendants on October 20, 2023. See **Exhibit 2**.

76.     Defendants elected not to respond, and took no action to stop infringing.

77.     On November 12, 2023, a second demand to cease-and-desist was sent to defendants, along with a draft copy of the within Complaint. See **Exhibit 3**.

17

78.    Below is a sample of some of the listings on the MADEINCHINA Website with unlicensed derivatives of the Copyrighted Image on November 14, 2023.

| Unlicensed Derivative of the Copyrighted Image | URL of the Unlicensed derivative |
|---|---|
| | https://jtd520.en.made-in-china.com/product/COtQxojJaihm/China-China-to-Armenian-Shipping-Agent.html |
| | https://abc-123.en.made-in-china.com/product/OwdfizDlfxhV/China-FCL-Service-From-Tianjin-to-Austria.html |
| | https://shiningsail.en.made-in-china.com/product/SFPQEUWyAlVj/China-China-to-India-Logistics-by-Sea-by-Air-LCL-FCL-DAP-DDP.html |
| | https://abc-123.en.made-in-china.com/productimage/OwdfizDlfxhV-2f1j00OwShpjLrlkub/China-FCL-Service-From-Tianjin-to-Austria.html |
| | https://syun-logisitics.en.made-in-china.com/product/oFrANBhKQdUe/China-Amazon-Fba-Shipping-Agency-Service-From-China-to-Portugal.html |

| | |
|---|---|
|  | https://2b60279c5cccb23d.en.made-in-china.com/productimage/NFGtDvaPZwYl-2f1j00AJrhTdiUfwuz/China-Freight-Forwarder-Parcel-Delivery-Shipping-Agent-From-China-to-Russia.html |
|  | https://2b60279c5cccb23d.en.made-in-china.com/productimage/cFzaTOwCldUn-2f1j00dQYcJRpqqGuT/China-Cheap-Shipping-Agent-to-Middle-East-Forwarding-Freight-Shipment.html |
|  | https://flyingcargo.en.made-in-china.com/product/GFAtRwdThiUM/China-Biggest-Chinese-Shipping-Forwarder-for-Denmark-Europ.html |
|  | https://jfexpress888.en.made-in-china.com/product/dxYrPEJHUmUn/China-Cheap-Freight-Forwarder-Door-to-Door-Service-Fast-Sea-Air-to-Thailand.html |

|  | | https://gialog.en.made-in-china.com/product/WXeELQsOAvcf/China-Sea-Shipping-From-China-to-Kuwait-Door-to-Door-Service-Big-Price-Cuts.html |
| --- | --- | --- |
| | | https://gialog.en.made-in-china.com/product/jBDEMIurLSkO/China-Sea-Shipping-From-China-to-Budapest-Door-to-Door-Service.html |
| | | https://gialog.en.made-in-china.com/product/nSHQjKPxXXhb/China-Shipping-Service-From-China-to-Germany-Door-to-Door-Service-Big-Price-Cuts.html |
| | | https://gialog.en.made-in-china.com/product/tBimCHLuXXWk/China-Sea-Shipping-Service-From-China-to-Germany-Bremen-Big-Price-Cuts.html |



| | |
|---|---|
| | https://cm-freightforwarder.en.made-in-china.com/product/MmjrDeoHYQUi/China-Fast-International-DHL-UPS-FedEx-TNT-EMS-Express-Service-From-Xining-Chengdu-Kunming-in-China-to-Bern-Zurich-in-Swiss.html |
| | https://sdilogistics.en.made-in-china.com/product/KdgAmztHsRfS/China-Top-Shipping-Agent-Freight-From-China-Qingdao-to-Buenaventura-Colombia.html |
| | https://flyingcargo.en.made-in-china.com/product/zdZGaogHXLYq/China-Reliable-LCL-Sea-Freight-Shipping-Cost-China-to-Chile-Colombia-Peru.html |
| | https://032a8354a9adc41f.en.made-in-china.com/product/hFuALqBDAKUi/China-Professional-freight-agent-Experienced-logistics-service-provider-container-shipment-from-China-to-Egypt-by-sea-air.html |

80.     Upon information and belief, defendants provided the unlicensed derivative of the Copyrighted Image to each business that lists on the MADEINCHINA Website.

21

81.    Each of the unlicensed derivatives of the Copyrighted Image identified herein were active and available to consumers in the United States.

82.    Defendants also stored the infringing derivates of the Copyrighted Image created by third-party infringers on the MADEINCHINA Website.

83.    After a third-party infringer obtained the unlicensed Copyrighted Image from defendants, the third-party infringer could then edit the unlicensed image, add their logo, etc.

84.    The newly created unlicensed derivative would then be stored on defendants' MADEINCHINA Website and linked to the newly created listing for the subject product.

85.    When the subject listing was removed after a few days, or weeks, the new unlicensed derivative remained on defendants' website for future use by third-party infringers.

86.    Defendants provided the apparatus to infringe, materially contributed to the infringement by third-parties, and then assisted and encouraged future infringing uses.

87.    Defendants have infringed plaintiff's exclusive rights to the Copyrighted Image, directly and indirectly, pursuant to 17 U.S.C. § 106.

### THE DMCA

88.    Defendants cannot possibly claim the substantial number of unlicensed reproductions and derivatives of the Copyrighted Image stored on the MADEINCHINA Website, and found in hundreds of listings, were somehow created independently.

89.    The vast number of the infringing uses are the same unlicensed derivative of the Copyrighted Image.

90.    Defendants' material support and direct infringing acts precludes them from invoking the safety of the safe-harbor provisions of the DMCA.

22

91. Further, defendants have no stated DMCA policy, DMCA agent, or repeat infringer policy. These factors alone precludes defendants from invoking the safety of the safe-harbor provisions of the DMCA.

92. Regardless, the infringing content on the MADEINCHINA Website was created, and/or made available by defendants.

93. Scores of infringing images on the MADEINCHINA Website are not associated with any business or product but are made publicly available directly by defendant.

94. Defendants finally acted on or about the afternoon on November 14, 2023.

95. Without defendants stopped providing unlicensed reproductions to the third-party infringers, withdrew their material support, and stopped storing the third-party infringers unlicensed images – the infringements of the Copyrighted Image on defendants' MADEINCHINA Website stopped.

96. Defendants violated plaintiff's exclusive rights pursuant to 17 U.S.C. § 106 by reproducing, creating derivatives, distributing, and/or publicly displaying plaintiff's Copyrighted Image without a license.

## DMCA VIOLATIONS

97. Plaintiff always distributes its images, including the Copyrighted Image, with embedded copyright management information ("CMI") in the metadata that includes plaintiff's name, website, and image name, along with technical specifications.

98. Defendants removed all CMI associated with the Copyrighted Image prior to their unlicensed reproduction, distribution, and public display.

99. Defendants removed the CMI with the intent to cover their acts of infringement and failed to correct the CMI after notice.

23

100. Defendants have been put on notice, numerous times, that plaintiff is the owner of the Copyrighted Image.

101. Defendants have not corrected the CMI on a single unlicensed derivative of the Copyrighted Image.

102. The failure to correct the CMI after notice is also a violation of Section 1202 of the DMCA.

103. The removal of plaintiff's CMI from each unlicensed reproduction and derivative is a violation of Section 1202 of the DMCA.

104. Plaintiff also disables the right-click copy function on its images prior to distribution.

105. Defendants removed the copyright protection system and enabled the right-click copy function.

106. The removal of plaintiff's copyright protection system from the unlicensed derivatives of the Copyrighted Image is a violation of Section 1201 of the DMCA.

107. Defendants have committed hundreds of violations of 17 U.S.C. §§ 1201-02 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus its reasonable attorneys' fees and costs occurred in this matter.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

108. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

109. It cannot be disputed that the plaintiff has a valid, registered copyrights, and owns all rights to the Copyrighted Image.

110. Defendants, without license or authority from plaintiff, reproduced, created a

24

derivative work, publicly displayed, and/or distributed plaintiff's Copyrighted Image.

111. Defendants did so solely for the purpose of commercial gain.

112. Defendants refused to cease-and-desist after multiple demands from plaintiff's counsel.

113. Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendants.

114. At all times relevant to this Complaint, defendants' use of the Copyrighted Image was not for criticism, comment, news reporting, teaching, scholarship, or research.

115. At all times relevant to this Complaint, defendants' use was not transformative.

116. Defendants elected to reproduce, distribute, and/or publicly display plaintiff's Copyrighted Image, using the entirety of each image, without a license.

117. As a direct and proximate result of defendants' infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendants' profits in excess of plaintiff's actual damages, plus the reasonable attorneys' fees and costs incurred in this action. Plaintiff may also elect to recover two statutory damage awards. Defendants' acts of entitle plaintiff to an enhanced statutory damage award of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

118. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

119. Defendants knew or had reason to know of the infringing activity by hundreds, perhaps thousands, of third-party infringers, and intentionally induced or materially contributed

25

to that infringing activity.

120. Defendants materially contributed to thousands of unlicensed and infringing reproductions and derivatives of the Copyrighted Image being posted to their Alibaba Website by hundreds of third-party infringers.

121. Defendants induced the infringing activity of the third-party infringers by encouraging the use of the unlicensed derivative of the Copyrighted Image.

122. Defendants provided the unlicensed reproductions and derivatives of the Copyrighted Image to the third-party infringers, encouraged the posting of the unlicensed Image, and stored the unlicensed Image.

123. Defendants even made the unlicensed reproductions and derivatives created by the third-party infringers available to the third-party infringers for future postings

124. As a direct and proximate result of defendants' contributory infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendants' profits in excess of plaintiff's actual damages, plus the reasonable attorneys' fees and costs incurred in this action. Plaintiff may also elect to recover two statutory damage awards. Defendants' acts of entitle plaintiff to an enhanced statutory damage award of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2)

**THIRD CLAIM FOR RELIEF VIOLATION OF**

26

## DMCA OF 1998, AS AMENDED
## 17 U.S.C. §§ 1201-05

125.    Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

126.    Plaintiff always distributes its copyrighted Image, including the Copyrighted Image here, with embedded CMI which includes the title of the image, name of the author and copyright owner.

127.    Defendants removed plaintiff's CMI, and copied, publicly displayed, and/or distributed the Copyrighted Image without the CMI.

128.    Defendants created numerous unlicensed derivatives with no CMI.

129.    Defendants falsely designated many of the unlicensed Image as belonging to plaintiff.

130.    Defendants systematically violated Section 1202 of the DMCA.

131.    Defendants circumvented plaintiff's copyright protection system by enabling the right-click copy function.

132.    Defendant did the forgoing with the intent to conceal the infringement.

133.    Plaintiff seeks awards for each violation of Sections 1201 and 1202 of the DMCA in the sum of $25,000 per violation, plus the reasonable attorneys' fees and costs incurred in this action.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1.    restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;
2.    compensatory damages in an amount to be ascertained at trial;

27

3. a statutory damage award, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of up to $25,000 in statutory damages for each violation by defendant of the DMCA, 17 U.S.C. §§ 1201-02;

5. the reasonable attorneys' fees and costs incurred by plaintiff in this action (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 15, 2023
New York, New York

**GARBARINI FITZGERALD P.C.**

By: _Richard M. Garbarini_

Richard M. Garbarini (RG 5496)

28